IN RE: ESTATE OF ANNIE MARDEGIAN

Cumberland. Opinion, July 16, 1964.

*Walter F. Murell,* for Estate.

*Ronald L. Kellam,* for Marka Mardegian.

*Verrill, Dana, Walker, Philbrick and Whitehouse,*
for Haigayian College
and American National Hospital

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WEBBER, J.    This was an appeal from the Probate Court by agreement of the parties on an agreed statement of facts under the provisions of R. S., Chap. 153, Sec. 32.

Annie Mardegian died testate on June 19, 1962 survived by her widower and by a second cousin. She left both real and personal estate. Her will made provision for her husband and her kinsman. The residue was divided between a college and a hospital, appellants here. The widower seasonally waived the will and upon a petition for determina-

tion of value, the probate court determined that the entire net estate, being in excess of $10,000, passes to the widower.

In our opinion in a companion case captioned *In Re Estate of Charles Otis Foss* filed simultaneously herewith we have considered the effect of P. L., 1957, Chap. 290 on R. S., Chap. 170, Sec. 14 with particular reference to the exception contained therein. It is unnecessary to repeat here the reasons which prompted the result which we reached in *Foss*. They have equal application here since the statutes involved relate to a testatrix as to a testator, to a surviving spouse regardless of sex and to real estate as well as to personal estate. Since in *Foss* we were dealing only with personal estate, we need only add here the special provision relating to real estate set forth in P. L., 1957, Chap. 290, Sec. 1 as follows:

> "B. If the residue of the estate * * * is more than $10,000, of the real estate, 2/3 to the widow and 1/3 to the next of kin of equal degree, not beyond kin in the 2nd degree. If no kindred within the 2nd degree, the whole to the widow; and to the widower shall descend the same * * * ."

In *Foss* we concluded that since 1957 the applicable portion of Sec. 14 must be construed as though it read:

> "When a provision is made in a will for the * * * widower of a testatrix * * * and such provision is waived as aforesaid, such * * * widower shall have and receive the same share of the real estate and the same distributive share of the real and personal estate of such * * * testatrix as is provided by law in intestate estates, except that if such * * * testatrix died leaving no kindred within the 2nd degree, such * * * widower shall have and receive the same share of the real estate and the same distributive share of the real and personal estate of such * * * testatrix as is provided by law in intestate estates of persons deceased who die leaving kindred within the 2nd degree. * * * ."

Thus in the instant case, no kindred within the 2nd degree having survived the testatrix, the exception in Sec. 14 as amended by implication by P. L., 1957, Chap. 290 applies and the share of the widower is limited to $10,000 plus such share of the remaining net estate as would descend to the surviving spouse of one who died leaving kindred within the 2nd degree.

*Appeal sustained.*

*Case remanded to the Probate Court for further proceedings in accordance with this opinion.*